CORNELIUS EARL DEGEFFERD,

        Plaintiff,

        v.                        Case No. 26-cv-0586-bhl

TRINITY SERVICE GROUP,
LENARD BENISTIEN,
JOHN DOE, and
SUPERVISOR JOHNSON,

        Defendants.

## SCREENING ORDER

Plaintiff Cornelius Earl Degefferd, who is currently representing himself and serving a state prison sentence at Westville Correctional Center in Indiana, alleges that his civil rights were violated while he was incarcerated at the Milwaukee County Jail. This matter comes before the Court on Degefferd's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Degefferd has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Degefferd filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. Based on a review of the statement, the Court concludes that Degefferd lacks the assets and means to pay an initial partial filing fee. Therefore, the Court will waive his obligation to pay an initial partial filing fee and will grant his motion for leave to proceed *in forma pauperis*. 28 U.S.C. §1915(b)(4).

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any

complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

According to Degefferd, he has diabetes and a soy allergy, for which his doctor allegedly ordered a diabetic and soy-free diet. Degefferd asserts that beginning on August 2, 2024 through January 5, 2025, he submitted numerous grievances complaining that his food trays were not compliant with his doctor's orders. Degefferd asserts that he suffered headaches, pain, diarrhea, and vomiting. Degefferd states that all of his grievances were closed without the issue being resolved.

### THE COURT'S ANALYSIS

It appears that Degefferd was a pretrial detainee while he was confined at the Milwaukee County Jail. Accordingly, claims about the conditions of his confinement arise under the

2

Fourteenth Amendment. To state a claim under the Fourteenth Amendment, a plaintiff must allege that the conditions he experienced at the Jail were objectively unreasonable. *Hardeman v. Curran*, 933 F.3d 816, 823–24 (7th Cir. 2019). Conditions are objectively unreasonable if they are imposed expressly to punish or are excessive in relation to a legitimate purpose. *Id*. at 822.

Based on the foregoing, the Court can reasonably infer that Degefferd's rights may have been violated based on his allegations that his doctor's orders regarding his diet were ignored. Degefferd's attempt to state a claim fails, however, because it is not clear *who* allegedly violated his rights. Under §1983, a defendant is liable only if he or she was personally responsible for the deprivation of a constitutional right, meaning that the deprivation occurred at the defendant's behest or with her knowledge and consent. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019). Degefferd alleges that he filed numerous grievances that were closed, but he does not clarify who closed the grievances or who in the kitchen had notice of Degefferd's complaints and the authority to address them. Without specific allegations connecting a particular person to the alleged misconduct, Degefferd does not state a claim. His vague assertion that *all* Defendants violated his rights without clarifying what each person did or did not do is insufficient. *See Iqbal*, 556 U.S. at 678. Finally, the Court advises Degefferd that there is no *respondeat superior* under §1983, so a company is not legally responsible for the misconduct of its employees.

Therefore, if Degefferd wants to proceed with this lawsuit, he will need to file an amended complaint by **August 10, 2026** that cures the deficiencies identified in this decision. Degefferd should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who was involved; and (4) how each person was involved. Degefferd should avoid writing in passive voice, referring to "the defendants" generally, or using "Trinity Service Group" as a stand-in for a particular individual. In sum, Degefferd should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case.

Degefferd is advised that the amended complaint will replace the prior complaint, so it must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended

complaint is not received, the Court will dismiss this case based on Degefferd's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Degefferd's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **August 10, 2026**, Degefferd may file an amended complaint if he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Degefferd a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Degefferd shall collect from his institution trust account the $350 filing fee by collecting monthly payments from Degefferd's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Degefferd is transferred to another institution, the transferring institution shall forward a copy of this Order along with Degefferd's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Degefferd is located.

**IT IS FURTHER ORDERED** that Degefferd must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Degefferd is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of

4

Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 10th day of July, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge