UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CORNELIUS EARL DEGEFFERD,

Plaintiff,

v. Case No. 26-cv-0586-bhl

LENARD BENISTIEN,
JOHN DOE, and
SUPERVISOR JOHNSON,

Defendants.

---

# SCREENING ORDER

---

Plaintiff Cornelius Earl Degefferd, who is currently representing himself and serving a state prison sentence at Westville Correctional Center in Indiana, alleges that his civil rights were violated while he was incarcerated at the Milwaukee County Jail. On July 10, 2026, the Court screened the complaint and, after concluding it failed to state a claim on which relief could be granted, gave Degefferd the opportunity to file an amended complaint, which he did on July 31, 2026.[1] The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

## SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It

[1] Degefferd initially failed to sign the amended complaint. He supplemented the amended complaint with a signature page on August 18, 2026. Dkt. Nos. 12, 14.

must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

According to Degefferd, he has diabetes and a soy allergy, for which his doctor allegedly ordered a diabetic and soy-free diet. Degefferd asserts that beginning on August 2, 2024 through January 5, 2025, he submitted numerous grievances complaining that his food trays were not compliant with his doctor's orders. Degefferd asserts that the inmate complaints, which were routed to Lenard Benistein and Supervisor Johnson, were closed without the issue being resolved. Degefferd states that he suffered headaches, pain, diarrhea, and vomiting.

## THE COURT'S ANALYSIS

It appears that Degefferd was a pretrial detainee while he was confined at the Milwaukee County Jail. Accordingly, claims about the conditions of his confinement arise under the Fourteenth Amendment. To state a claim under the Fourteenth Amendment, a plaintiff must allege that the conditions he experienced at the Jail were objectively unreasonable. *Hardeman v. Curran*, 933 F.3d 816, 823–24 (7th Cir. 2019). Conditions are objectively unreasonable if they are imposed expressly to punish or are excessive in relation to a legitimate purpose. *Id*. at 822.

Based on the foregoing, Degefferd states a claim against Benistien and Johnson based on allegations that they unreasonably failed to address his concerns that the food he was being served did not comply with his doctor's orders. Degefferd does not, however, state a claim against a John Doe because the amended complaint does not include any allegations about what the John Doe allegedly did or did not do to violate Degefferd's rights. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019) (holding that under §1983, a defendant is liable only if he or she was personally responsible for the deprivation of a constitutional right).

**IT IS THEREFORE ORDERED** that John Doe shall be terminated from this action because Degefferd fails to state a claim against him/her on which relief can be granted.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this Court, copies of Degefferd's amended complaint and this order are being electronically sent today to Milwaukee County for service on Lenard Benistien and Supervisor Johnson.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, Lenard Benistien and Supervisor Johnson shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin this 25th day of August, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge