UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CORNELIUS EARL DEGEFFERD,

Plaintiff,

v. Case No. 26-cv-0586-bhl

LENARD BENISTIEN et al.,

Defendants.

---

**DECISION AND ORDER**

---

Plaintiff Cornelius Earl Degefferd, who is currently serving a state prison sentence at the Westville Correctional Institution in Indiana and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On August 25, 2026, the Court screened the amended complaint and allowed Degefferd to proceed on claims against "Lenard Benistien" and "Supervisor Johnson" based on allegations that they unreasonably failed to address his concerns that the food he was being served did not comply with his doctor's orders. The Court ordered that pursuant to the informal service agreement between Milwaukee County Corporation Counsel and this Court, the amended complaint would be sent to Milwaukee County Corporation Counsel for service on the Defendants. Dkt. No. 15. On September 17, 2026, counsel for Milwaukee County informed the Court that service of process upon the Defendants was not accepted because the Defendants could not be identified by the names Degefferd used in the amended complaint.

Because the County cannot identify the Defendants, the Court will name Milwaukee County Sheriff Denita Ball as a Defendant for the limited purpose of helping Degefferd learn the correct names of the Defendants. *See Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996). Sheriff Ball does not have to respond to the amended complaint. After her attorney files an appearance in this case, Degefferd may serve discovery requests upon Sheriff Ball (by mailing them to her attorney at the address in the notice of appearance) to get information that will help him identify the correct names of the Defendants.

For example, Degefferd may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because Degefferd does not state a claim

against Sheriff Ball, his discovery requests must be limited to information or documents that will help him learn the name of the Defendants. Degefferd may not ask Sheriff Ball about any other topic, and she is under no obligation to respond to requests about any other topic.

After Degefferd learns the correct names of "Lenard Benistien" and "Supervisor Johnson," he must file a motion informing the Court of their correct names. The Court will dismiss Sheriff Ball as a defendant once the Defendants are correctly named. After the Defendants have an opportunity to respond to the amended complaint, the Court will set a deadline for discovery. At that point, Degefferd may use discovery to get the information he believes he needs to prove his claims.

Degefferd must identify the correct names of the Defendants within 90 days of Sheriff Ball's attorney filing a notice of appearance. If he does not or does not explain to the Court in writing why he is unable to do so, the Court will dismiss this case based on his failure to diligently prosecute it. *See* Civil L. R. 41(c).

**IT IS THEREFORE ORDERED** that Milwaukee County Sheriff Denita Ball shall be named as a Defendant for the limited purpose of helping Degefferd learn the Defendants' correct names. The clerk's office will update the docket accordingly.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County Corporation Counsel and this Court, copies of the amended complaint (Dkt. No. 12), the screening order (Dkt. No. 15), and this order shall be electronically sent today to Milwaukee County Corporation Counsel for service on Milwaukee County Sheriff Denita Ball.

**IT IS FURTHER ORDERED** that Sherrif Denita Ball does not have to respond to the amended complaint; however, she must respond to discovery requests that Degefferd serves in an effort to identify the Defendants' correct names. Sheriff Ball does not have to respond to discovery requests about any other topic.

**IT IS FURTHER ORDERED** that Degefferd must inform the Court of the Defendants' correct names within 90 days of Sheriff Ball's attorney filing a notice of appearance in this case. If Degefferd does not do so or does not advise the Court in writing why he is unable to do so by the deadline, the Court will dismiss this case based on his failure to diligently prosecute it.

Dated at Milwaukee, Wisconsin this 21st day of September, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge